Filed 4/24/15  Steele v. Gibbs CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SUSAN STEELE et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>ROBERT GIBBS,<br><br>     Defendant and Respondent. | A136765<br><br>(Contra Costa County<br>Super. Ct. No. C11-02282) |
| SUSAN STEELE et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>MARIN CAPITAL CORPORATION et al.,<br><br>     Defendants and Respondents;<br><br>CHARLES G. KINNEY,<br><br>     Objector and Appellant. | A138661<br><br>(Contra Costa County<br>Super. Ct. No. C11-02282) |
| SUSAN STEELE et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>CARRIE SPINA et al.,<br><br>     Defendants and Respondents. | A139317<br><br>(Contra Costa County<br>Super. Ct. No. C11-02282) |

1

# I. INTRODUCTION AND BACKGROUND

Pursuant to a 2002 settlement in a prior action, plaintiffs Susan and James Steele obtained contractual rights relating to certain real property in Alamo, including the right, under specified circumstances, to acquire the property or to receive a portion of the proceeds if the then-owners sold the property. In 2011, the property was sold in a nonjudicial foreclosure sale.

Also in 2011, the Steeles filed the present action, alleging interference with their contractual rights by various parties, including: (1) Christopher (Chris) and Carrie Spina, owners of the property prior to the foreclosure; (2) Marin Capital Corporation (Marin), a lender that recorded a deed of trust against the property in 2002; (3) Alfred Spina, Chris Spina's father, who also recorded a deed of trust against the property; (4) Dryden Capital, Inc. (Dryden), the loan servicer for the Marin loan; (5) Robert and Suzanne Hatch, successor beneficiaries of the Marin deed of trust, who purchased the property at the foreclosure sale; (6) Standard Trust Deed Service Company (Standard), the trustee that conducted the foreclosure sale; and (7) Robert Gibbs, a real estate agent who assisted Chris and Carrie Spina in attempting to sell the property in 2011, prior to the foreclosure. In part, the Steeles alleged Marin and others acted improperly by recording the 2002 Marin deed of trust ahead of a deed of trust the Steeles recorded in 2003.

The trial court sustained, without leave to amend, Gibbs's demurrer to the Steeles' second amended complaint. The court later sustained, without leave to amend, the demurrers of Marin, Dryden, the Hatches, Alfred Spina, Carrie Spina, and Standard to the Steeles' third amended complaint (TAC).

The Steeles filed the instant three appeals, challenging the dismissal of their claims against (1) Gibbs (No. A136765), (2) Marin, Dryden, the Hatches and Alfred Spina (No. A138661), and (3) Carrie Spina and Standard (No. A139317).[1] In addition, in the second appeal (No. A138661), the Steeles' attorney, Charles Kinney, appeals a trial

---

[1] The Steeles filed a fourth appeal (No. A141033). We address that appeal in a separate order.

court order imposing sanctions on him for bringing frivolous claims. Also in the second appeal, the Steeles and Kinney purport to appeal a trial court order awarding attorney fees and costs to the Hatches in connection with their successful motion to expunge a lis pendens the Steeles had recorded against the property.

We consolidated these three appeals for purposes of oral argument and decision. The appeals were argued and submitted on November 18, 2014. While the cases were under submission, it came to our attention that Kinney, the Steeles' counsel, had become ineligible to practice law in the State of California, effective December 15, 2014. In light of that information, we vacated submission of the appeals in a February 4, 2015 order. In that order, we stated: "[T]his court directs that appellants either file a substitution of counsel, or an application to proceed in propria persona, no later than March 4, 2015. If no substitution of counsel or application to proceed in propria persona is filed on or before March 4, 2015, the [appeals] will be dismissed."

## II. DISCUSSION

### A. The Steeles' Appeals

The Steeles did not file a substitution of counsel or an application to proceed in propria persona.[2] Pursuant to this court's February 4, 2015 order, we dismiss the Steeles' appeals.

### B. Kinney's Appeal

Kinney challenges (1) an order imposing sanctions on him for bringing frivolous claims, and (2) an order awarding attorney fees and costs to the Hatches in connection with their motion to expunge the lis pendens.[3]

---

[2] On February 27, 2015, attorney Thorsten Arteaga sent a letter to this court stating the Steeles have retained him in these appeals. Arteaga stated the Steeles do not intend to proceed with the appeals and have instructed Arteaga to dismiss them. Arteaga stated he would not formally substitute in as counsel, and the Steeles instead would "follow the court's February [4], 2015 order and let the court dismiss the appeals on its own motion."

3

1.     **Sanctions Imposed by the Trial Court**

a.     **Background**

Marin, Dryden and the Hatches (the moving defendants) filed a motion requesting that the trial court impose sanctions against Kinney under Code of Civil Procedure[4] section 128.7 for his filing of the TAC and other documents. After hearing oral argument and taking the motion under submission, the court issued a written ruling imposing $10,000 in sanctions against Kinney under section 128.7.

The court concluded Kinney was aware the claims in the complaint and its amendments "were without merit and recklessly proceeded forward, in bad faith, perhaps in an attempt to force a 'nuisance value' settlement from the defendants." The court found there was no evidence that the moving defendants "were other than bona fide encumbrancers," or that the moving defendants were aware of any obligations to the

---

[3] In response to our February 4, 2015 order, Kinney filed a motion that includes (1) an application to proceed in propria persona, (2) a notice that he intends to proceed with his appeal, (3) a motion for judicial notice, and (4) a request that we withdraw our order vacating submission of his appeal. Because Kinney already represents himself in this appeal, and because we resolve his appeal in this opinion, we deny as moot his application to proceed in propria persona and his request that we withdraw our order vacating submission.

To the extent Kinney argues the merits of his appeal in his motion, we decline to consider this supplemental briefing. (See Cal. Rules of Court, rule 8.200(a)(4) [with exceptions not applicable here, no supplemental brief may be filed except with the permission of the presiding justice].) (All rule references are to the California Rules of Court.)

We deny Kinney's motion for judicial notice of documents relating to his designation by other courts as a vexatious litigant. The motion does not state whether the documents were presented to the trial court in this case and, if so, whether the court took judicial notice of them. (See rule 8.252(a)(2)(B) [motion for judicial notice must provide this information].) Moreover, Kinney seeks to rely on the documents to support the portion of his motion in which he argues the merits of his appeal (i.e., his purported supplemental briefing). As noted, we decline to consider Kinney's supplemental briefing, and we likewise decline to take judicial notice of documents presented in support of that supplemental briefing.

[4] All statutory references are to the Code of Civil Procedure.

4

Steeles that should have priority over the moving defendants' loan to the Spinas. The court also found it was clear that any claim made in 2011 would be barred by the statute of limitations, and Kinney's argument to the contrary was frivolous.

The court stated that, in determining whether Kinney's motive in filing the action was improper, the court had considered "the totality of circumstances[.]" One such circumstance was the method Kinney used to serve the summons on Marin and Dryden, i.e., serving the Secretary of State. The court emphasized this method of service was not itself the basis for the court's award of sanctions, but was one factor the court found relevant in determining Kinney's intent. The court stated: "While the Court does not order sanctions based upon the method used for service of summons, the actions of Kinney in advising the Court that it could not make service excepting through the Secretary of State showed an intent to attempt to get a default judgment rather than be contested upon the merits. At that time Kinney was fully aware that the defendant parties had counsel and who that counsel was. He intentionally made no contact with counsel in his efforts to serve the papers." Other factors considered by the court in determining Kinney's intent included (1) Kinney's designation by other courts as a vexatious litigant, (2) Kinney's vigorous opposition to Marin's and Dryden's request to set aside their defaults after service on the Secretary of State was discovered, and (3) Kinney's meritless briefs in opposition to the defendants' demurrers.

### b. Analysis

Section 128.7, subdivision (b) provides in part that, "[b]y presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met: [¶] . . . [¶] (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Section 128.7, subdivision (c) authorizes sanctions for violations of section 128.7, subdivision (b). We review a trial court's award of sanctions

5

under section 128.7 for abuse of discretion. (*Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 399.)

On appeal, Kinney does not argue the trial court abused its discretion in making its overall determination that sanctions were appropriate because the claims Kinney brought were frivolous. The appellate arguments Kinney does raise are meritless. First, Kinney asserts the sanctions order is "void" because defendants did not give Kinney notice by serving him with an unfiled motion before filing it. (See § 128.7, subd. (c)(1) [sanctions motion must be served 21 days before filing it with the court].) The trial court found the moving defendants complied with this requirement, and the record supports this determination. In a trial court declaration, moving defendants' counsel states the motion was mailed to Kinney on November 8, 2012. The motion was not filed until February 13, 2013.

Second, Kinney contends he properly served Marin and Dryden by serving the Secretary of State. This argument does not establish the trial court abused its discretion in imposing sanctions. As noted, the trial court emphasized it was not imposing sanctions based on the method of service used by Kinney. The court just considered the method of service as one factor in determining Kinney's motive and intent in bringing the claims the trial court determined were frivolous. Kinney's argument that serving the Secretary of State was legally permissible (a question we do not address) does not establish the court erred in concluding Kinney's choice of that method (when he knew how to contact Marin's and Dryden's counsel) showed an intent to obtain a default judgment, rather than to litigate his clients' claims on the merits. Nor does Kinney's disagreement with the court's consideration of this factor undercut the court's overall conclusion that sanctions were appropriate based on Kinney's intentional pursuit of meritless claims.

2.      **Attorney Fees on Motion to Expunge Lis Pendens**

a.      **Background**

On January 9, 2013, the trial court entered an order granting the Hatches' motion to expunge a notice of pendency of action (lis pendens) that the Steeles had recorded

6

against the property. Pursuant to section 405.38, the court awarded to the Hatches, as the prevailing parties on the motion, attorney fees and costs in the amount of $16,981.50.

In response, the Steeles filed a petition for a writ of mandate (No. A137697), which this court denied in February 2013 for failure to comply with rule 8.486(b).[5] Then, in March 2013, the Steeles and Kinney filed a notice of appeal, purporting to appeal the January 9, 2013 order (No. A138151). This court dismissed the appeal in April 2013, holding the challenged ruling was not appealable. In his present appeal, Kinney again purports to appeal the order awarding the Hatches the attorney fees and costs they incurred in seeking expungement of the lis pendens.

### b. Analysis

The Hatches argue this court's dismissal of the prior appeal of the attorney fee order bars the present appeal of that order. We agree.

Section 913 states: "The dismissal of an appeal shall be with prejudice to the right to file another appeal within the time permitted, unless the dismissal is expressly made without prejudice to another appeal." This court's dismissal of the Steeles' and Kinney's first appeal of the January 9, 2013 order awarding attorney fees and costs did not expressly provide it was without prejudice to a subsequent appeal. Accordingly, that order became final and binding, and Kinney cannot now take another appeal from that order. (*Property Owners of Whispering Palms, Inc. v. Newport Pacific, Inc.* (2005) 132 Cal.App.4th 666, 677 [first appeal of trial court judgment was dismissed after appellant failed to file opening brief; because dismissal of first appeal did not expressly provide it was without prejudice to a later appeal, appellant could not take another appeal from that judgment]; *Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1011, 1017–1018.)

### III. DISPOSITION

**No. A136765:** The appeal is dismissed.

---

[5] Rule 8.486(b) provides that a petition seeking writ review of a trial court ruling must be accompanied by an adequate record, including specified categories of documents.

**No. A138661:**  The Steeles' appeal is dismissed.  The award of $10,000 in sanctions under section 128.7 against Kinney and in favor of Marin, Dryden and the Hatches is affirmed.  We dismiss Kinney's appeal of the award of $16,981.50 in attorney fees and costs to the Hatches under section 405.38.

**No. A139317:**  The appeal is dismissed.


_____
Bolanos, J.*


We concur:


_____
Ruvolo, P.J.


_____
Rivera, J.


* Judge of the San Francisco City and County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.